IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRICK E. ROBISON, | No. C 09-2202 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES WALKER, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at New Folsom Prison in Repressa, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Sonoma County, which is in this district. *See* 28 U.S.C. 2241(d).

**STATEMENT**

A jury convicted petitioner of two counts of unlawful firearm possession by a felon, *see* Cal. Penal Code 12021(a)(1); two counts of unlawful possession of an assault weapon, *see id.* at 12280(b); unlawful possession of ammunition, *see id.* at 12316(b)(1); two counts of commercial burglary, *see id.* at 459; two counts of forgery; *see id.* at 470(d); two counts of grand theft, one of property valued at over $150,000, *see id.* 487(a), 12022.6(a)(1); and receiving stolen property, *see id.* at 496(a). The court determined that he had suffered a prior felony conviction within the meaning of the three strikes law. *See id.* at 1170.12. He was sentenced to prison for six years and eight months. His conviction was affirmed on direct appeal and the California

1  Supreme Court denied review.  Petitioner asserts that he raised the issues presented here in his
2  direct appeal.

## DISCUSSION

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.  LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) hisrights were violated when the trial court gave an erroneous instruction; (2) his Sixth Amendment and due process rights were violated by the trial court's refusal to allow into evidence the book from which he derived his scheme; (3) his right to a jury determination on all elements and his due process rights were violated by the trial court's admission of a police witness' testimony as expert opinion; (4) violations of the state discovery statutes were also violations of due process and the right to present a meaningful defense; (5) his due process rights were violated when the trial court admitted his list of goals; (6) the prosecutor committed misconduct; and (7) these errors were cumulatively prejudicial.  These claims are sufficient to require a response.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.  If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  Failure to comply with court orders, including deadlines, may result in the dismissal of this action for failure to prosecute

**IT IS SO ORDERED.**

Dated: July   7  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\ROBISON2202.OSC.wpd